```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------x
GIROLAMO PALERMO,                                :

                Petitioner,                      :    10 Civ. 61 (JSR) (GWG)
                                                      00 Cr. 1118 (JSR)
        -v.-                                     :
                                                      REPORT AND
UNITED STATES OF AMERICA,                        :    RECOMMENDATION

                Respondent.                      :
-----------------------------------------------------------------------x
```

**GABRIEL W. GORENSTEIN, UNITED STATES MAGISTRATE JUDGE**

Girolamo Palermo was convicted by a jury of racketeering in violation of 18 U.S.C. § 1962(c), racketeering conspiracy in violation of 18 U.S.C. § 1962(d), and conspiracy to commit murder in aid of racketeering activity in violation of 18 U.S.C. § 1959.  He was sentenced principally to a prison term of 132 months on each of the first two counts, to run concurrently with a sentence of 120 months on the third count.  Palermo, who is currently in prison serving his sentence, has petitioned this Court pro se under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence.  For the reasons below, the petition should be denied.

I.      BACKGROUND

       A.      Trials, Sentencing, and Motion to Vacate

       In 2002, Palermo was indicted in the United States District Court for the District of New Jersey in an 11-count indictment.  Counts 3 through 7, consisting of one count of conspiracy to commit Hobbs Act extortion and three substantive counts of Hobbs Act extortion, were dismissed by the Court prior to the jury verdict, see Minutes, United States v. Palermo (D.N.J. filed Oct. 29, 2002), apparently on a motion under Fed. R. Crim. P. 29, see Memorandum of Law in Support of Post-Verdict Motion for Judgment of Acquittal Pursuant to Rule 29(c) of the

Federal Rules of Criminal Procedure, dated Nov. 11, 2004 (annexed as Ex. A-2 to Memorandum of Law of the United States of America in Opposition to Petition of Girolamo Palermo Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct His Sentence (Docket # 5) ("Resp. Br.")) ("Post-Verdict Mem."), at 6.  The jury was given the following counts to consider: racketeering conspiracy with racketeering acts consisting of Hobbs Act extortion, bribery of a public servant, and travel and use of interstate facilities to bribe a public servant (Count 1); racketeering as a substantive offense (Count 2); conspiracy to travel and use interstate facilities to bribe a public servant (Count 8); and three counts of travel and use of interstate facilities to bribe a public servant (Counts 9, 10, and 11).  See Superseding Indictment, United States v. Palermo (D.N.J. filed June 6, 2002) (annexed to Letter from Harris Fischman to the Hon. Gabriel W. Gorenstein (June 17, 2010), filed July 28, 2010 (Docket # 720) ("June 17 Letter")); Judgment of Acquittal, United States v. Palermo (D.N.J. filed Nov. 22, 2002) (annexed to "June 17 Letter") ("Judgment of Acquittal").  After trial, the jury acquitted Palermo of count 11 – the third count of travel and use of interstate facilities to bribe a public servant, and a mistrial was declared as to counts 1, 2, 8, 9, and 10.  See Judgment of Acquittal.

     Separately, Palermo was charged in the United States District Court for the Southern District of New York with the following crimes: Count 1: racketeering in violation of 18 U.S.C. §§ 1962(c) based on predicate acts of (a) conspiracy to commit murder in violation of N.Y. Penal Law §§ 105.15, 125.25 and N.J. State Law §§ 2C:5-2, 2C:11-3, (b) construction industry extortion in violation of 18 U.S.C. § 1951, and (c) financing extortionate extensions of credit and conspiracy to make and collect extortionate extensions of credit in violation of 18 U.S.C. §§ 892-

2

94;[1] Count 2: racketeering conspiracy in violation of 18 U.S.C. § 1692(d); Count 3: conspiracy to commit murder for the purpose of gaining entrance to and maintaining and increasing his position in the racketeering enterprise or for a promise of payment from the enterprise in violation of 18 U.S.C. § 1959; Count 4: financing extortionate extensions of credit; Count 5: conspiracy to make extortionate extensions of credit; Count 6: conspiracy to collect extortionate extensions of credit; and Count 7: construction industry extortion. See Indictment, filed Aug. 6, 2003 (Docket # 442 in S.D.N.Y. 00 Cr. 1118), at 1-16. Following trial in 2003, a jury convicted Palermo on counts 1, 2, 3, and 7, and acquitted him on counts 4, 5, and 6. See Judgment in a Criminal Case, filed July 18, 2006 (Docket # 612 in 00 Cr. 1118) ("Criminal Judgment");[2] see also 7/7/06 Tr. 3.[3]

After his conviction, Palermo's counsel made a motion for entry of a judgment of acquittal on all counts based on the Government's failure to prove venue and, as to counts 1, 2, and 7, on the ground that prosecution of those counts was barred by the Double Jeopardy Clause

---

[1] To allege a violation of the Racketeering Influenced and Corrupt Organizations Act ("RICO") under 18 U.S.C. § 1962(c), "a plaintiff must show '(1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity.'" De Falco v. Bernas, 244 F.3d 286, 306 (2d Cir.) (quoting Sedima S.P.R.L. v. Imrex Co., 473 U.S. 479, 496 (1985)), cert. denied, 534 U.S. 891 (2001). Predicate acts are necessary under the "pattern" element. See United States v. Basciano, 599 F.3d 184, 205 (2d Cir. 2010) ("a pattern of racketeering [is] demonstrated by related predicate acts").

[2] While the count numbers in the Judgment in a Criminal Case and the sentencing transcripts do not match those used in the indictment and in the government's brief, there is no dispute as to the disposition of the charged counts.

[3] "Tr." refers to the transcripts of proceedings in Palermo's case, which are dated July 7, 2006 and July 13, 2006. Because there are multiple days of transcripts, see Sentencing Transcript, dated July 6, 2006 and July 13, 2006 (annexed as Ex. A-3 to Resp. Br.), we identify each transcript citation by date.

of the Fifth Amendment because Palermo had previously been tried on charges involving similar conduct in the New Jersey case. See Post-Verdict Mem. at 5-19. Palermo also moved for a new trial, alleging that the court erred in admitting guilty pleas of his codefendants into evidence and failing to admit a tape-recording offered into evidence by Palermo under the doctrine of completeness. See id. at 1-4, 19-23; 7/6/06 Tr. 3. Prior to sentencing, Judge Michael B. Mukasey granted the motion to dismiss count 7 on both venue and double jeopardy grounds, but denied the remaining motions. (7/6/06 Tr. 3-10).

On July 13, 2006, Palermo was sentenced by Judge Mukasey to terms of imprisonment of 132 months on each of counts 1 and 2 and to a term of 120 months' imprisonment on count 3, all to run concurrently, followed by concurrent terms of supervised release for three years, and a mandatory special assessment of $300. See 7/13/06 Tr. 6; Criminal Judgment.

     B.    Appeal

Palermo appealed his conviction to the Second Circuit. See United States v. Palermo, 291 F. App'x 418 (2d Cir. 2008). The court held that the admission of the co-conspirators' plea allocutions did not violate the Confrontation Clause of the Sixth Amendment, "[t]here was sufficient evidence to establish that Palermo's crimes were committed at least in part in the Southern District of New York," the admission of evidence of an uncharged crime was not an abuse of discretion, and any error in the exclusion of a tape-recorded conversation was harmless. Id. at 420-21. Palermo filed a petition for certiorari to the Supreme Court, which was denied on March 2, 2009. See Palermo v. United States, 129 S. Ct. 1538 (2009).

     C.    The Instant Petition

Palermo's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C.

4

§ 2255 was received by the Pro Se Office of this Court on December 3, 2009.  See Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody, filed Jan. 6, 2010 (Docket # 1) ("Pet.").

II.     LAW GOVERNING REVIEW OF SECTION 2255 PETITIONS

Section 2255(a) of Title 28 of the United States Code provides that

> [a] prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

Relief under this statute is generally available "only for a constitutional error, a lack of jurisdiction in the sentencing court, or an error of law or fact that constitutes a fundamental defect which inherently results in [a] complete miscarriage of justice."  Graziano v. United States, 83 F.3d 587, 590 (2d Cir. 1996) (citation and internal quotation marks omitted).

III.    DISCUSSION

Palermo asserts that his appellate counsel was ineffective because he failed "to raise on appeal . . . that the district court erred when denying his post-verdict motion for judgment of acquittal regarding the issue that Palermo was previously tried, in the District of New Jersey, and was acquitted of the bulk of the construction industry extortion counts, of which he was charged in Count 7 and [predicate act (b)] of the racketeering acts."  Memorandum Brief, filed Jan. 6, 2010 (annexed to Pet.) ("Pet. Mem."), at 5.

To show ineffective assistance of counsel, a petitioner must satisfy both prongs of the two-part test articulated in Strickland v. Washington, 466 U.S. 668, 687-98 (1984).  The

Strickland test has been characterized as "rigorous" and "highly demanding." Pavel v. Hollins, 261 F.3d 210, 216 (2d Cir. 2001) (citations omitted); accord Bell v. Miller, 500 F.3d 149, 155 (2d Cir. 2007) (comparing a successful ineffective assistance of counsel habeas claim to "thread[ing] [a] needle"). To meet the Strickland standards, a petitioner must show (1) "that counsel's representation fell below an objective standard of reasonableness," 466 U.S. at 688, and (2) "any deficiencies in counsel's performance [were] prejudicial to the defense," id. at 692; accord Rompilla v. Beard, 545 U.S. 374, 380, 390 (2005); Pham v. United States, 317 F.3d 178, 182 (2d Cir. 2003). In evaluating the first prong – whether counsel's performance fell below an objective standard of reasonableness – "judicial scrutiny . . . must be highly deferential," and the petitioner must overcome the "presumption that, under the circumstances, the challenged action might be considered sound trial strategy." Bell v. Cone, 535 U.S. 685, 698 (2002) (quoting Strickland, 466 U.S. at 689) (internal quotation marks and bracketing omitted). "[F]or purposes of effective assistance, not every possible motion need be filed, but rather, only those having a solid foundation." United States v. Nersesian, 824 F.2d 1294, 1322 (2d Cir.) (citing United States v. Afflerbach, 754 F.2d 866, 870 (10th Cir.), cert. denied, 472 U.S. 1029 (1985)), cert. denied, 484 U.S. 958 (1987). In order to satisfy the prejudice requirement, the petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Strickland, 466 U.S. at 694; accord Lynn v. Bliden, 443 F.3d 238, 247-48 (2d Cir. 2006), cert. denied, 549 U.S. 1257 (2007).

"Although the Strickland test was formulated in the context of evaluating a claim of ineffective assistance of trial counsel, the same test is used with respect to appellate counsel."

6

Mayo v. Henderson, 13 F.3d 528, 533 (2d Cir.), cert. denied, 513 U.S. 820 (1994).

Palermo's petition may be liberally construed as arguing that his appellate counsel was ineffective for failing to raise the following claims: (1) double jeopardy applied to count 7 (construction industry extortion) of the Southern District indictment, Pet. Mem. at 5-9; (2) double jeopardy applied to the racketeering counts in the Southern District indictment (that is, counts 1 and 2), id.; and (3) the New Jersey acquittal on the extortionate conduct count collaterally estopped the government from prosecuting Palermo in this case on charges arising out of that conduct, see id. at 9.  In addition, his petition may be construed as arguing that "had counsel raised the same comprehensive type [of] double jeopardy argument along with the plea allocution Crawford Confrontation Clause issue," the Court of Appeals would have been more likely to reverse his convictions.  Id. at 12.

We now discuss each of these claims.

### A. Double Jeopardy and Construction Industry Extortion

Palermo's argument that his counsel was ineffective on appeal by failing to raise his double jeopardy claim as to count 7 is frivolous.  Counsel successfully raised this argument before the district court prior to sentencing, and as a result, the conviction on count 7 was set aside by the court.  (See 7/6/06 Tr. 3-4, 8-9).  Palermo received no sentence for this count.  See Criminal Judgment.

### B. Double Jeopardy and Racketeering Counts

Palermo argues that his counsel should have raised a double jeopardy argument on appeal as to Palermo's New York convictions for "the racketeering acts," Pet. Mem. at 5, which we construe as applying to the charges of racketeering (count 1) and racketeering conspiracy (count

7

2). The racketeering charges were based on three underlying predicate acts: (a) conspiracy to commit murder in violation of N.Y. Penal Law §§ 105.15, 125.25 and N.J. State Law §§ 2C:5-2, 2C:11-3, (b) construction industry extortion in violation of 18 U.S.C. § 1951, and (c) financing extortionate extensions of credit in violation of 18 U.S.C. §§ 892-94. See Indictment, at 7-11; 7/6/06 Tr. 3. In his post-trial motion before the district court, Palermo's attorney argued that double jeopardy barred the use of predicate act "(b)" (construction industry extortion) as a basis for conviction for racketeering conspiracy (count 2 in the New York case) because predicate act "(b)" in the racketeering count was substantially the same as "the substantive charges of extortion involving individual construction projects" in the New Jersey case – that is, counts 4, 5 and 6 in the New Jersey case, which were ultimately dismissed following a Rule 29 motion. See Post-Verdict Mem. at 6. While Palermo lost this argument before Judge Mukasey, Palermo contends that his attorney should have raised the argument again on appeal.

Palermo's appellate attorney acted properly in not including the claim, however, because the case of United States v. Polanco, 145 F.3d 536 (2d Cir. 1998), cert. denied, 525 U.S. 1071 (1999), dooms any such claim. As Judge Mukasey explained, Polanco "held that a murder and attempted murder [charge], and [a charge of] participation in a RICO enterprise through acts of racketeering that included that murder and attempted murder, were separate acts for which the Court could impose separate punishments." 7/6/06 Tr. 10; see Polanco, 145 F.3d at 542 (no double jeopardy claim where district court imposed "consecutive sentences for [defendant's] RICO conviction and his substantive [murder-related] convictions" because "Congress sought to permit cumulative sentences for a RICO conviction and the predicate offenses upon which the RICO violation is premised" (quoting United States v. Walsh, 700 F.2d 846, 856 (2d Cir. 1983)

(internal quotation marks omitted)).

This principle has also been applied in cases like Palermo's where a defendant was first tried for the substantive offenses and later tried for a racketeering enterprise predicated on the same substantive acts. For example, in United States v. Gotti, 2004 WL 602689 (S.D.N.Y. Mar. 26, 2004), one of the defendants, Thomas Carbonaro, was previously convicted of conspiracy to commit murder in aid of racketeering under 18 U.S.C. § 1959 in the Eastern District of New York. Id. at 10-11. He was later prosecuted "under RICO for engaging in a pattern of racketeering activity," which included the conspiracy to commit the same murder – that is, the substantive offense which served as the basis for his first conviction. Id. at 11. In holding that double jeopardy did not apply, the court relied on Polanco to conclude that "a defendant may be prosecuted 'both under RICO for engaging in a pattern of racketeering activity and also under § 1959 for violent crimes intended to maintain or increase the defendant's position in the RICO enterprise.'" Id. (citing Polanco, 145 F.3d at 542).

Because Palermo's second trial involved racketeering and racketeering conspiracy claims, double jeopardy did not bar the Government from including, as a predicate act, an action that had been charged as a substantive offense in a previous trial.

One of the main functions of appellate counsel is to "winnow[] out weaker arguments on appeal." Jones v. Barnes, 463 U.S. 745, 751 (1983). Even if a claim is nonfrivolous, counsel is not required to present every claim on behalf of a defendant appealing his or her conviction. Smith v. Robbins, 528 U.S. 259, 288 (2000) ("[A]ppellate counsel who files a merits brief need not (and should not) raise every nonfrivolous claim, but rather may select from among them in order to maximize the likelihood of success on appeal." (citing Barnes, 463 U.S. at 751)); Wright

v. United States, 182 F.3d 458, 466 (6th Cir. 1999) ("Appellate counsel is not ineffective simply because he or she decides not to raise every possible argument on appeal." (citing Barnes, 463 U.S. at 753)). In light of the lack of merit to this claim, counsel's conduct in excluding it did not fall below an "objective standard of reasonableness." Strickland, 466 U.S. at 688.

    C.    Collateral Estoppel

Palermo also contends that his counsel should have argued that he should not have been tried again as to counts 1 and 2 because he had already been acquitted of certain conduct in the United States District Court for the District of New Jersey. Pet. Mem. at 9. He argues that "[t]he New Jersey federal trial involved exactly the same participants who had exactly the same incentives to win for their side and exactly the same opportunity to present or refute evidence of the claims" and there was a "full opportunity to dispute the charges." Id. To support his argument, he cites Ashe v. Swenson, 397 U.S. 436, 443-35 (1970) and Turner v. Arkansas, 407 U.S. 366, 368 (1972) (per curiam).

Palermo refers to this as a "res judicata" argument, see Pet. Mem. at 9, but the principle and the cases he cites invoke collateral estoppel, not res judicata. See Ashe, 397 U.S. at 443 (under the collateral estoppel doctrine, "when an issue of ultimate fact has once been determined by a valid and final judgment, that issue cannot again be litigated between the same parties in any future lawsuit"). And neither Ashe, Turner, nor the doctrine they enunciate bar Palermo's prosecution.

Ashe arose out of a robbery of several victims at a poker game. 397 U.S. at 437. Ashe was first tried and acquitted of robbing victim Donal Knight, pursuant to a jury instruction that required the jury to convict Ashe of robbery as long as he was "one of the robbers . . . even if he

had not personally robbed Knight." Id. at 439. Ashe was then tried for the robbery of another victim at the poker game and was convicted. Id. at 439-40. The Court overturned the conviction, however, because "[t]he single rationally conceivable issue in dispute before the jury was whether the petitioner had been one of the robbers[,] [a]nd the jury by its verdict found that he had not." Id. at 445. Accordingly, Ashe held that the second prosecution was barred by collateral estoppel. See id.

In Turner, the petitioner was tried first for a murder and after that trial, was then indicted a second time, for a robbery arising out of the same incident. 407 U.S. at 366-68. At the murder trial, the jury was instructed that the petitioner was guilty of murder if the jury found that the petitioner had been "present at the crime scene." Id. at 369. The jury acquitted him of the murder; but he was then indicted for robbery. See id. Turner held that "[t]he only logical conclusion" was that the jury at the murder trial "found him not present at the scene of the murder and robbery," id. (emphasis added), and thus decided that the robbery indictment should have been dismissed as collaterally estopped by the first prosecution. Id. at 369-70.

To take advantage of collateral estoppel in the criminal context, the Second Circuit has held that "[t]he defendant has the burden of establishing that the issue he seeks to foreclose from the second litigation was necessarily resolved in his favor by the first verdict." United States v. Seijo, 537 F.2d 694, 697 (2d Cir. 1976) (citations and internal quotation marks omitted), cert. denied, 429 U.S. 1043 (1977). Seijo notes that "this burden of proof is a heavy one, since it usually cannot be determined with any certainty upon what basis the previous jury reached its general verdict." Id. (internal citation and quotation marks omitted).

Here, Palermo does not explain what issue of fact was "necessarily resolved" in his favor

11

in the New Jersey case.  Palermo was acquitted only of the charge involving travel and use of interstate facilities to bribe a public servant.  No verdict was reached as to any other count in the New Jersey case, including any counts relating to construction industry extortion.  Instead, the New Jersey court either dismissed counts or declared a mistrial because the jury could not reach a verdict.  Accordingly, no issue of fact was "necessarily resolved" in Palermo's favor in New Jersey with respect to any count other than the bribery count.  See Yeager v. United States, 129 S. Ct. 2360, 2368 (2009) ("consideration of hung counts has no place in the issue-preclusion analysis").  In the New York prosecution, by contrast, Palermo was not convicted of any bribery-related conduct.  Thus, nothing that happened in New Jersey could act as collateral estoppel with respect to the New York convictions.

Because Palermo's claim to a collateral estoppel bar on his prosecution itself was meritless, Palermo's appellate counsel was not ineffective for choosing not to raise it on appeal for the reasons discussed in the previous section.

      D.      Bolstering Argument

Palermo argues that if his counsel had appealed the district court's decision on the double jeopardy claims, it "would have bolstered" Palermo's argument that the admission of the co-conspirator plea statements violated his Confrontation right under the Sixth Amendment and Crawford v. Washington, 541 U.S. 36 (2004).  See Pet. Mem. at 11.  This argument, however, is a non sequitur.  There is no reason why the appeal of a meritless double jeopardy argument would have had any effect on Palermo's Confrontation Clause argument.

Conclusion

      The petition should be denied.

**PROCEDURE FOR FILING OBJECTIONS TO THIS
REPORT AND RECOMMENDATION**

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties have fourteen (14) days including weekends and holidays from service of this Report and Recommendation to serve and file any objections. See also Fed. R. Civ. P. 6(a), (b), (d). Such objections (and any responses to objections) shall be filed with the Clerk of the Court, with copies sent to the Hon. Jed S. Rakoff, and to the undersigned, at 500 Pearl Street, New York, New York 10007. Any request for an extension of time to file objections must be directed to Judge Rakoff. If a party fails to file timely objections, that party will not be permitted to raise any objections to this Report and Recommendation on appeal. See Thomas v. Arn, 474 U.S. 140 (1985); Wagner & Wagner, LLP v. Atkinson, Haskins, Nellis, Brittingham, Gladd & Carwile, P.C., 596 F.3d 84, 92 (2d Cir. 2010).

Dated: August 16, 2010
       New York, New York

_____
GABRIEL W. GORENSTEIN
United States Magistrate Judg

Copies sent to:

Girolamo Palermo
ID# 49830-054
FCI Butner Medium II
P.O. Box 1500
Butner, NC 27509

Harris M. Fischman
Assistant United States Attorney
One Saint Andrew's Plaza
New York, NY 10007

13

## PROCEDURE FOR FILING OBJECTIONS TO THIS
## REPORT AND RECOMMENDATION

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties have fourteen (14) days including weekends and holidays from service of this Report and Recommendation to serve and file any objections. See also Fed. R. Civ. P. 6(a), (b), (d). Such objections (and any responses to objections) shall be filed with the Clerk of the Court, with copies sent to the Hon. Jed S. Rakoff, and to the undersigned, at 500 Pearl Street, New York, New York 10007. Any request for an extension of time to file objections must be directed to Judge Rakoff. If a party fails to file timely objections, that party will not be permitted to raise any objections to this Report and Recommendation on appeal. See Thomas v. Arn, 474 U.S. 140 (1985); Wagner & Wagner, LLP v. Atkinson, Haskins, Nellis, Brittingham, Gladd & Carwile, P.C., 596 F.3d 84, 92 (2d Cir. 2010).

Dated: August 16, 2010
New York, New York

GABRIEL W. GORENSTEIN
United States Magistrate Judg

Copies sent to:

Girolamo Palermo
ID# 49830-054
FCI Butner Medium II
P.O. Box 1500
Butner, NC 27509

Harris M. Fischman
Assistant United States Attorney
One Saint Andrew's Plaza
New York, NY 10007

13